**SANDERS LAW GROUP**
Jacqueline Mandel, Esq. (SBN 39343)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: jmandel@sanderslaw.group

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Wade Photography, LLC, | Case No: |
| Plaintiff, | **COMPLAINT** |
| v. | JURY TRIAL DEMAND |
| Craft Culinary Concepts LLC, | |
| Defendant. | |

Plaintiff Brandon Wade Photography, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Craft Culinary Concepts LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.     This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.     Brandon Wade ("*Wade*") created a photograph of tacos from the Mexican restaurant Taco Heads ("*Photograph 1*") and the exterior of a restaurant named Taco Heart ("*Photograph 2*") (hereinafter collectively referred to the "*Photographs*") in which Plaintiff owns the rights and licenses for various uses

including online and print publications.

3.      Wade has been a professional photographer since 2002. During his career, he has captured all kinds of people and events; from the homeless to Presidents and weddings to the Super Bowl. His clients range from schools to multinational corporations.

4.      Upon information and belief, Defendant provides fresh, locally-sourced, and custom-tailored food and beverage experiences for large-scale venues, sports facilities, and convention centers.

5.      As a part of its branding and business development, Defendant owns and operates a Facebook account with the name "Craft Culinary Concepts" (the "*Account*") and a website at www.craftculinaryconcepts.com (the "*Website*").

6.      Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photographs on the Account and Website as part of a self-promotional advertisements and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7.      Brandon Wade Photography, LLC is a Texas limited liability company and maintains its principal place of business in Tarrant County, Texas.

8.      Upon information and belief, Defendant Craft Culinary Concepts LLC is a Delaware limited liability company with a principal place of business at 1 Cardinal Drive, Glendale in Maricopa County, Arizona and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10.      This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Arizona.

PLAINTIFF'S COMPLAINT

11.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

12.    Plaintiff is a professional photography company by trade that is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16.    On August 30, 2021, Wade first published the Photographs. A copy of the Photographs is attached hereto as Exhibit 1.

17.    In creating the Photographs, Wade personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the images.

18.    On October 5, 2021, the Photographs were registered by the USCO under Registration No. VA 2-271-624.

19.    Wade created the Photographs with the intention of them being used commercially and for the purpose of display and/or public distribution.

20.    Wade published the Photographs by commercially licensing it to the Dallas Morning News for the purpose of display and/or public distribution.

21.    On November 29, 2022, Plaintiff acquired the rights in and to the

Photographs from Wade by way of written assignment.

**B.    Defendant's Infringing Activity**

22.    Defendant is the registered owner of the Account and Website and is responsible for their content.

23.    Defendant is the operator of the Account and Website and is responsible for their content.

24.    The Account and Website are key components of Defendant's popular and lucrative commercial enterprise.

25.    The Account and Website are monetized in that they promote their business to the public and, upon information and belief, Defendant profits from these activities.

26.    Upon information and belief, Defendant is a sophisticated business whose staff has significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their posts have been properly licensed.

27.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

28.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

29.    Without permission or authorization from Plaintiff, on or about October 29, 2022, Defendant displayed Photograph 1 on the Account as part of a social media post                    at                    URL: https://www.facebook.com/craftculinaryconcepts/photos/a.1951362371675218/280

6136489531131/?type=3&is_lookaside=1 ("*Infringement 1*"). A copy of a screengrab of the Account including the Photograph is attached hereto as <u>Exhibit 2</u>.

30.    Without permission or authorization from Plaintiff, Defendant displayed the Photographs on the Website at URL: https://www.craftculinaryconcepts.com/single-post/will-rogers-memorial-center-names-craft-culinary-concepts-as-official-food-beverage-provider ("*Infringement 2*"). A copy of a screengrab of the Website including the Photograph is attached hereto as <u>Exhibit 2</u>.

31.    Plaintiff discovered Infringement 1 and Infringement 2 (hereafter collectively referred to the "*Infringements*") on November 26, 2022.

32.    The Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs.

33.    The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

34.    The Infringements are exact copies of Plaintiff's original images that were directly copied and displayed by Defendant on the Account and Website.

35.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account and Website, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photographs.

36.    Upon information and belief, the Photographs were willfully and volitionally posted to the Account and Website by Defendant.

37.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements were

apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

38.    Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

39.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and Website and exercised and/or had the right and ability to exercise such right.

40.    Upon information and belief, Defendant monitors the content on its Account and Website.

41.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

42.    Upon information and belief, the Infringements increased traffic to the Account and Website, and in turn, caused Defendant to realize an increase in its business revenues.

43.    Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Account and Website.

44.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

45.    Defendant's use of the Photographs harmed the actual market for the Photographs.

46.    Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

47.    On February 8, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's Infringements of Plaintiff's rights-protected works.

48.    Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, the parties failed to resolve the instant matter, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

49.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

# FIRST COUNT
## (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

50.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

51.    The Photographs are original, creative works in which Plaintiff owns valid copyrights.

52.    The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

53.    Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

54.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

55.    Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

56.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using it on the Account and Website.

57.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504

in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

58.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

59.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## **JURY DEMAND**

60.     Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.     finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying them without a license or consent;

b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: October 9, 2025

**SANDERS LAW GROUP**

By:  */s/ Jacqueline Mandel*
Jacqueline Mandel, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: jmandel@sanderslaw.group
File No.: 127144

*Attorneys for Plaintiff*